**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PENNMARK COVENTRY HOLDINGS,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KOHL'S DEPARTMENT STORES,** | : | |
| *Defendant.* | : | **No. 25-cv-1918** |

**MEMORANDUM**

**KENNEY, J.**                                                                        **September 12, 2025**

On April 15, 2025, Plaintiff Pennmark Coventry Holdings, LLC ("Plaintiff" or "Pennmark") filed suit against Kohl's Department Stores, Inc. ("Defendant" or "Kohl's") before this Court. *See* ECF No. 1. Plaintiff subsequently filed two amended complaints on April 16, 2025, *see* ECF No. 7, and June 16, 2025, *see* ECF No. 10 ("Second Amended Complaint" or "SAC"). In the Second Amended Complaint, Plaintiff alleges three causes of action: (1) Breach of Contract (Count I), (2) Tort Claims Related to Transfers of Inventory and Proceeds (Wrongful Acts Intending to Harm Business Interests, Voidable Transfers, PUVTA, 12 Pa. Stat. §§ 5101 – 5114) (Count II), and (3) Injunctive Relief (Asset Freeze for the Value of Subject Inventory/Assets) (Count III). *See* SAC ¶¶ 32–75.

On July 8, 2025, Defendant moved to dismiss the Second Amended Complaint. ECF No. 14 ("Mtn."). Plaintiff filed its Response in Opposition on July 22, 2025, *see* ECF No. 18 ("Opp."), and Defendant its Reply on July 29, 2025, *see* ECF No. 19 ("Reply"). The Motion is now ripe for decision.

For the reasons below, the Court will **GRANT** the Motion in part and **DENY** in part. Plaintiff's breach of contract claim (Count I) will proceed to discovery. Plaintiff's Pennsylvania Uniform Voidable Transfer Act ("PUVTA") claim (Count II) is dismissed without prejudice, and

Plaintiff's claim for injunctive relief is dismissed with prejudice (Count III).[1]  An appropriate order will follow.

## I.    BACKGROUND

On March 12, 2004, Plaintiff's predecessor in title entered into a lease agreement ("Lease") with Defendant for retail space located at the Coventry Mall in North Coventry Township, Pennsylvania ending in January 2026.  SAC ¶¶ 7, 13.  Under the terms of the Lease, beginning with the sixteenth full lease year and extending through the remainder of the Lease term, Defendant was obligated to pay Plaintiff an annual fixed rent of $551,943.75 (split into monthly installments of $45,995.31), monthly real estate taxes of $3,679.63, and common area maintenance charges of $3,679.63 per month.  *Id.* ¶¶ 14–16.  On April 8, 2016, Plaintiff acquired the Coventry Mall property and assumed landlord's rights under the Lease.  *Id.* ¶ 22.

On January 9, 2025, Defendant announced that it would be closing the subject store as part of a mass-closing of 27 "under-performing locations."  *Id.* ¶ 23 (quotations in original).  Plaintiff alleges that Defendant did not provide notice of the closure to Plaintiff, nor did it obtain Plaintiff's consent to pursue the closure.  *Id.* ¶ 24.  Following the closure announcement, Defendant ceased making monthly rent payments for the months of January through April 2025, totaling $199,981.24 in past-due rent (in addition to other charges as outlined in the Lease).  *Id.* ¶ 25.  Further, Defendant

---

[1] The Court's dismissal of Count III with prejudice reflects only a dismissal of the injunction request as a *cause of action*.  *See Ho v. Integon Nat'l Ins. Co.*, No. 3:21-CV-00831, 2022 WL 3088096, at *12 (M.D. Pa. Aug. 3, 2022) ("In addition, amendment of [plaintiff's] claims against [defendant] would be futile . . . . injunctive relief is an improper independent cause of action."), *appeal dismissed*, No. 22-2624, 2023 WL 2372056 (3d Cir. Feb. 3, 2023).  Should Plaintiff wish to plead its entitlement to injunctive relief generally, it is not barred from doing so where proper. *See, e.g.*, *Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 465 (E.D. Pa. 2013) (citing rule that "[a] pleading can . . . request injunctive relief in connection with a substantive claim" and clarifying that dismissal of a separate claim for injunctive relief "does not affect plaintiffs' request for injunctive relief in the prayer for relief" (citation omitted)).

"began to liquidate all of the merchandise at the Store at the Coventry Mall without replacing it with new merchandise," which Plaintiff alleges "did not constitute an 'ordinary course of business' of Defendant but was rather implemented as part of an extraordinary process of the Closure announced by Defendant." *Id.* ¶ 26. Plaintiff alleges that, in enacting this "knowing[] and intentional[] transfer[]" of the store's inventory, Defendant sought "to avoid satisfying its obligations to Plaintiff and/or fraudulently transfer[] . . . proceeds to third parties, in blatant violation of obligations owed to Plaintiff." *Id.* ¶ 31. Plaintiff avers that transfers of the proceeds stemming from the liquidated store merchandise were "carefully designed and executed to avoid a lien from being imposed against inventory in favor of Plaintiff." *Id.*

At some time in or after January 2025, Defendant closed the subject store "and requested that Plaintiff agree to an early termination of the Lease," which Plaintiff refused. *Id.* ¶¶ 27–28. On February 13, 2025, Plaintiff sent Defendant a notice of default, alerting Defendant that it failed to pay monthly rent for the months of January and February 2025. *Id.* ¶ 29. According to Plaintiff, monthly rent for the period from January to April 2025 has not yet been paid. *Id.* ¶¶ 29–30.

## II.    STATE COURT PROCEEDINGS

The Court takes judicial notice of ongoing state court proceedings relating to the instant dispute. *See Edwards v. Christian*, No. 24-2169, 2024 WL 4471505, at *2 (3d Cir. Oct. 11, 2024) (courts are permitted to take judicial notice of matters of public record, such as judicial proceedings). On February 19, 2025, Plaintiff filed a landlord/tenant complaint against Kohl's in Pennsylvania State Magisterial District Court, alleging a claim amount of $12,000. *See Pennmark Coventry Holdings, LLC v. Kohl's Store #162-Kohl's Department Stores, Inc.*, No. MJ-15301-LT-0000033-2025 (Pa. Mag. Dist. Ct. 15-3-01). On April 11, 2025, following a "Recovery of Real Property Hearing," the Magisterial District Judge entered judgment in favor of Plaintiff in the

amount of $12,234.75.  *Id.*  On May 12, 2025, Kohl's filed its landlord/tenant appeal from the judgment, resulting in a trial *de novo* at the common pleas level.  *Id.*; *see also Pennmark Coventry Holdings, LLC v. Kohl's Store # 162-Kohl's Department Stores, Inc.*, No. 2025-03762-CV (Chester Cnty. Ct. Comm. Pl.).  The case pending at the common pleas level is the case now proceeding parallel to this action.

### III.    LEGAL STANDARD

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding such a motion, the Court must accept "all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff."  *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).  There must be "more than a sheer possibility that a defendant has acted unlawfully."  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

To adequately state a claim for relief, a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  When a claim alleges a "fraud or mistake," a heightened pleading standard applies.  *See* Fed. R. Civ. P. 9(b).  Under Federal Rule of Civil Procedure 9(b), a plaintiff "must state with particularity the circumstances constituting fraud or mistake."  *Id.*  However, elements of an individual's mental state, such as intent or knowledge, "may be alleged generally."  *Id.*

### IV.    DISCUSSION

Plaintiff has properly pled its breach of contract claim (Count I) but has failed to properly

plead a claim under the PUVTA (Count II).  Further, injunctive relief (Count III) is a remedy rather than a cause of action and cannot be pled as such.  *See Birdman v. Off. of the Governor*, 677 F.3d 167, 172 (3d Cir. 2012); *Chruby v. Kowaleski*, 534 F. App'x 156, 160 & n.2 (3d Cir. 2013). Accordingly, Count I will proceed to discovery, and Counts II and III are dismissed.

### A.    *Breach of Contract (Count I)*

Plaintiff alleges that, through Defendant's failure to pay all monthly base rent due under the Lease, it "has suffered actual damages in the amount of unpaid Monthly Base Rent and other charges more fully described in the Lease . . . , future rents and other charges (which are due in accelerated fashion under the Lease in case of breach by Defendant) and other damages recoverable under the Lease."  SAC ¶¶ 34, 36.

Defendant does not attack the foundation of Plaintiff's breach of contract claim, but rather asks the Court to dismiss the case under the doctrine of *lis pendens* because a *de novo* appeal of the Magisterial District Judge's landlord/tenant judgment is currently pending in the Chester County Court of Common Pleas.  Mtn. at 26–28.  In doing so, Defendant conflates the "first filed rule" with the *lis pendens* doctrine.[2]  Plaintiff argues in response that equitable considerations weigh in favor of the Court retaining jurisdiction, and further points the Court to caselaw

---

[2] In its Motion, Defendant argues that "[t]he first filed rule, also known as the doctrine of *lis pendens*, supports the dismissal of a second duplicative action filed by the same plaintiff when the two actions involve the same parties and claims."  Mtn. at 27 (citing *PNC Bank v. Bluestream Tech., Inc.*, 14 A.3d 831, 835 (Pa. Super 2010)).  Defendant then, in its Reply briefing, goes on to state that it is not seeking dismissal under "the 'first filed rule' which by Plaintiff's own admission doesn't apply to this case."  Reply at 7–8.  While the Court primarily addresses the doctrine of *lis pendens* in light of Defendant's Reply, it also clarifies that dismissal or stay under the first filed rule is unwarranted.  "[T]he first-filed rule ordinarily counsels deference to the suit that was filed first, when two lawsuits involving the same issues and parties are pending in separate *federal district courts*."  *Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 502 F. App'x 201, 205 (3d Cir. 2012) (emphasis added).  As such, the rule is "entirely inapplicable to purportedly parallel federal and state actions."  *Taggart v. New Century Fin. Servs. Inc.*, No. 22-3429, 2024 WL 1672256, at *2 (3d Cir. Apr. 18, 2024).

acknowledging the interplay between doctrines such as *lis pendens*, the first filed rule, and the Supreme Court's abstention doctrine.  Opp. at 22–24.

The Court will decline to dismiss—or stay—the action under the concepts of *lis pendens*, the first filed rule, or any abstention doctrine.   Longstanding Supreme Court jurisprudence establishes:

> [T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction, for both the state and Federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the Federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case.

*McClellan v. Carland*, 217 U.S. 268, 282 (1910).  "When an action seeks legal relief, federal courts have a virtually unflagging obligation to exercise jurisdiction," with only "a few extraordinary and narrow exceptions."  *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976)) (cleaned up).

As Plaintiff argues, the doctrine of *lis pendens*, when considered in the context of parallel state and federal court actions, appears to frustrate the District Court's "virtually unflagging obligation to exercise jurisdiction."  *Rarick*, 852 F.3d at 227; *see also Nat'l Specialty Ins. Co. v. Tunkhannock Auto Mart, Inc.*, No. 3:16-CV-00268, 2017 WL 2021510, at *5 (M.D. Pa. May 12, 2017) ("[Defendant] has not persuaded this Court to abstain based on the defense of *lis pendens*, especially considering that the application of this doctrine would allow parties to circumvent the more demanding abstention test prescribed by the Supreme Court in *Colorado River* and its progeny.").  Rather than rebut the tension between the doctrines, Defendant makes a footnoted request that this Court not only "dismiss the Second Amended Complaint with prejudice in accordance with the doctrine of *lis pendens* but . . . *also* decline to exercise jurisdiction over this matter given the pending Pennsylvania state court proceedings in accordance with the *Colorado*

*River* doctrine." Reply at 8 n.3 (emphasis added). But Defendant has not given the Court any reason to circumvent the Supreme Court's abstention doctrine, nor has it provided further argument as to why abstention under *Colorado River* is proper in this case. Accordingly, the Court will not dismiss or stay the action in light of the parallel state court proceeding.

Because Defendant does not argue that Plaintiff has failed to properly plead a breach of contract claim, Count I for Breach of Contract will proceed to discovery.

### B.    *Tort Claims Related to Transfers of Inventory and Proceeds (Count II)*

Plaintiff's Count II is captioned "Tort Claims Related to Transfers of Inventory and Proceeds (Wrongful Acts Intending to Harm Business Interests, Voidable Transfers, PUVTA, 12 Pa. Stat. §§ 5101 – 5114)." SAC at 8.[3] Plaintiff first alleges that, as of the date of the store closure announcement (January 9, 2025), it maintained "an anticipatory landlord's lien or potential right to claim a statutory landlord's lien or distraint on property of the Defendant . . . in order to secure rent and additional rent on the contents of the store." SAC ¶ 41. Plaintiff further alleges that "Defendant improperly sold, liquidated and moved [inventory] from the Store[] and improperly converted the proceeds from such sales and liquidation to Defendant's own use elsewhere," and, to the extent that the proceeds "were transferred to third parties, such transfers are avoidable under" the PUVTA because "Defendant's transfer of [inventory] was intended to hinder, defraud and delay collection from creditors." *Id.* ¶¶ 42, 45, 47.

Defendant's Motion to Dismiss argues that (1) Plaintiff does not hold an anticipatory landlord's lien, a statutory lien, or a contractual lien on Kohl's inventory and (2) "Plaintiff has failed to allege facts sufficient to support the essential elements of a fraudulent transfer claim under

---

[3] It is unclear to the Court which "tort claims" are being alleged, and the parties appear to focus only on the PUVTA claims in their briefing. As a result, the Court will evaluate Count II solely under PUVTA.

PUVTA and cannot demonstrate a valid legal interest in the alleged assets purportedly transferred." Mtn. at 14–23. In its Opposition, Plaintiff concedes that "[t]he Second Amended Complaint admittedly does not allege that Plaintiff had a lien on the inventory at the time of the secret transfer and dissipation but rather points out the right of statutory distraint . . . that was diminished by way of the Defendant intentionally diverting resources." Opp. at 19.[4]

Plaintiff has failed to state a claim for either actual fraud or constructive fraud under the PUVTA because it does not meet the pleading standards set forth in Federal Rules of Civil Procedure 8 and 9(b).[5] Section 5104 of the PUVTA outlines two distinct fraud provisions: one concerning actual fraud, and the other constructive fraud. 12 Pa. Stat. § 5104(a). To void a transfer under 12 Pa. Stat. § 5104(a), a plaintiff must establish either that

> the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>> (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

*Id.*

While a plaintiff is required to adhere to a heightened standard of pleading under Federal Rule of Civil Procedure 9(b) in alleging actual fraud, caselaw suggests that the heightened pleading standard in Rule 9(b) is inapplicable to causes of action alleging constructive fraudulent transfer.

---

[4] The Court understands Plaintiff to allege that Defendant's purported unlawful transfers prevented it from obtaining a lien on the store's inventory, not that such a lien has already been established. The Court will therefore address the parties' PUVTA arguments instead of arguments about Plaintiff's failure to establish a valid lien.

[5] Because Plaintiff fails to allege sufficient facts to support either an actual or constructive fraud claim under Count II, the Court need not address Defendant's alternative argument that the store inventory was subject to a prior valid lien and thus could not be considered an "asset" under the PUVTA. *See* Mtn. at 19–20.

*See, e.g.*, *Agri-Mktg., Inc. v. ProTerra Sols., LLC*, No. 5:17-CV-00627, 2018 WL 1444167, at *9 (E.D. Pa. Mar. 22, 2018) (actual fraud "analyzed under Rule 9(b), whereas [constructive fraud] is required only to meet the demands of Rule 8"); *In re Forks Specialty Metals Inc.*, No. AP 19-00028-MDC, 2023 WL 3239468, at *20–*22 (Bankr. E.D. Pa. Apr. 30, 2023) ("Claims of actual fraud are evaluated under Federal Rule of Civil Procedure 9(b) . . . . [whereas] [c]laims asserting a constructively fraudulent transfer must meet the more relaxed plausibility pleading standard of Federal Rule of Civil Procedure 8(a)."); *7301 Penn Ave., LLC v. ChemImage Corp.*, No. CV 23-1836, 2024 WL 4349199, at *1 (W.D. Pa. Sept. 30, 2024) (same).  The Court finds that Plaintiff has not adequately alleged either actual fraud or constructive fraud under the PUVTA.

   1. *Actual Fraud*

   As to actual fraud, Plaintiff has not satisfied its pleading burden under Federal Rule of Civil Procedure 9(b).  Section 5104(a)(1) requires that the Plaintiff allege facts supporting an "actual intent to hinder, delay or defraud any creditor of the debtor."  12 Pa. Stat. § 5104(a)(1).  It is rare for a party to readily admit that it intended "to hinder, delay, or defraud any creditor."  *See, e.g.*, *Eddystone Rail Co., LLC v. Bridger Logistics, LLC*, No. 2:17-CV-00495-JDW, 2024 WL 3090882, at *36 (E.D. Pa. June 21, 2024), *appeal dismissed*, No. 24-2239, 2025 WL 2048326 (3d Cir. Jan. 22, 2025).  Therefore, the PUVTA identifies various "badges of fraud" a plaintiff may rely on in supporting an actual fraud claim, including:

> (1) the transfer or obligation was to an insider;
> (2) the debtor retained possession or control of the property transferred after the transfer;
> (3) the transfer or obligation was disclosed or concealed;
> (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> (5) the transfer was of substantially all the debtor's assets;
> (6) the debtor absconded;
> (7) the debtor removed or concealed assets;
> (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

12 Pa. Stat. § 5104(b).  The list enumerated in § 5104(b) is not exhaustive, nor is any one combination sufficient to establish actual fraud.  *Id.*; *Chestnut St. Consol., LLC v. Dawara*, 619 F. Supp. 3d 489, 506–07 (E.D. Pa. 2022) ("No particular badge is necessary, nor is any combination sufficient; finding intent is always fact specific.").

Plaintiff's argument that it properly pled the presence of certain "badges of fraud"—thereby defeating Defendant's motion to dismiss on Count II—distracts from a significant shortcoming in its pleading.  Opp. at 11–14.  That is, Plaintiff fails to adequately allege that a "transfer" took place.  Instead, Plaintiff alleges that "*to the extent any of the Subject Assets were transferred to third parties*, such transfers are avoidable under PUVTA."  SAC ¶ 45 (emphasis added).  In support of these amorphous alleged transfers, Plaintiff recites the elements of § 5104(a), *id.*, and alleges that "Defendant's conduct is malicious, willful, intentional and knowing," *id.* ¶ 48.  However, Plaintiff's only pled factual basis regarding the transfers is as follows:

> Defendant and its officers whose identity is currently unknown also engaged in bad faith and illegal acts as part of the Closure by knowingly and intentionally transferring and liquidating the entire inventory of the Store outside of its ordinary course of business at the Store . . . and then converting and commingling the proceeds therefrom with other assets and funds to avoid satisfying its obligations to Plaintiff and/or fraudulently transferring such proceeds to third parties, in blatant violation of obligations owed to Plaintiff, carefully designed and executed to avoid a lien from being imposed against inventory in favor of Plaintiff.

*Id.* ¶ 31.  While it is true "that in cases such as corporate fraud, a plaintiff cannot be expected to have personal knowledge of the details of corporate internal affairs," *DiMare v. MetLife Ins. Co.*, 369 F. App'x 324, 330 (3d Cir. 2010) (internal quotations omitted), a plaintiff must still "provide facts sufficient to indicate that the charges are not baseless."  *Id.*  Plaintiff has not done so and has

therefore failed to sufficiently plead actual fraud under the PUVTA.

### 2.    *Constructive Fraud*

The same pleading issue plagues Plaintiff's "alternative" constructive fraud claim, Opp. at 14–16, even applying the lesser pleading standard under Federal Rule Civil Procedure 8.  *See* Fed. R. Civ. P. 8.  Plaintiff alleges that, in liquidating the store inventory, Defendant made a transfer "without receiving a reasonably equivalent value in exchange for the transfer."  SAC ¶ 45; Opp. at 14–16; 12 Pa. Stat. § 5104(a)(2).  First, the Court once again finds that Plaintiff has failed to adequately plead the existence of a transfer.  *See* Section IV.B.1.  Second, the Court finds that Plaintiff offers no facts in support of its claim that Defendant did not receive "a reasonably equivalent value in exchange for [a] transfer."  SAC ¶ 45; Opp. at 15.

In support of its base allegation that Defendant transferred store inventory for less than a reasonably equivalent value, Plaintiff points the Court to paragraphs 45, 52, and 63 of the Second Amended Complaint.  Opp. at 15.  However, paragraphs 52 and 63 pertain to Count III of the Second Amended Complaint, that is, Plaintiff's request for a preliminary injunction, and paragraph 45 recites the bare-bones elements of a voidable transfer under § 5104.  SAC ¶¶ 45, 52, 63.  In other words, Plaintiff does not supply the Court with *any* factual basis in the Second Amended Complaint supporting the assertion that "Store 162 did not receive a reasonably equivalent value for the inventory at issue," Opp. at 15, and the Court cannot find any support for this theory in the Second Amended Complaint.  As a result, Plaintiff has failed to sufficiently plead a constructive fraud cause of action.

\* \* \*

The Court dismisses Count II of the Second Amended Complaint, as the Second Amended Complaint is devoid of any factual basis supporting Plaintiff's claim that Defendant is liable for

actual fraud and/or constructive fraud under the PUVTA.

### C. *Injunctive Relief (Count III)*

In Count III of the Second Amended Complaint, Plaintiff requests injunctive relief based on allegations that Defendant's credit outlook is poor and, ostensibly, the business is close to bankruptcy. *See* SAC ¶¶ 54, 68–69. However, "[a]n injunction is a remedy rather than a cause of action." *Chruby*, 534 F. App'x at 160 & n.2; *see also Birdman*, 677 F.3d at 172. Plaintiff was entitled at the start of this action to move for injunctive relief under Federal Rule of Civil Procedure 65. Fed. R. Civ. P. 65(a). As of the date of this memorandum opinion and order, it has not. Therefore, the Court will dismiss Count III. *See Jones v. GEICO Choice Ins. Co.*, 617 F. Supp. 3d 275, 287 (E.D. Pa. 2022) ("[T]he count for injunctive relief must also be dismissed because injunctive relief is a remedy, not an independent cause of action."), *aff'd sub nom. Berardi v. USAA Gen. Indem. Co.*, 2023 WL 4418219 (3d Cir. July 10, 2023).

For avoidance of doubt, even had Plaintiff properly moved the Court for injunctive relief, it has failed to show that it is entitled to a preliminary injunction based on the allegations as pled. "A preliminary injunction is an extraordinary remedy granted in limited circumstances." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017). To obtain a preliminary injunction, the movant has the burden of establishing "(1) he is likely to succeed on the merits, (2) he will suffer irreparable harm without preliminary relief, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest." *Veterans Guardian VA Claim Consulting LLC v. Platkin*, 133 F.4th 213, 218 (3d Cir. 2025). Plaintiff's goal is to freeze Kohl's assets to avoid additional alleged transfers of proceeds from the subject store's liquidated inventory. SAC ¶ 73. However, Plaintiff has failed to show that it will be irreparably harmed without such "extraordinary" relief.

The crux of Plaintiff's irreparable harm argument is that Kohl's is on the verge of bankruptcy, and a bankruptcy would frustrate Plaintiff's ability to recoup the unpaid rent allegedly owed to it.  *See, e.g.*, *id.* ¶ 69.  However, "[f]or harm to be irreparable," it cannot "be speculative." *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 610 (3d Cir. 2024); *see also ATS Tree Servs., LLC v. Fed. Trade Comm'n*, No. CV 24-1743, 2024 WL 3511630, at *8 (E.D. Pa. July 23, 2024) ("[S]peculation of possible harm is insufficient to warrant the issuance of a preliminary injunction.").  Here, even taking Plaintiff's allegations as true, Plaintiff has not adequately alleged anything more than a speculation that "Plaintiff's rights *may be* destroyed imminently while Defendant's credit rating is an abysmal BB- and its financial outlook is Negative."  SAC ¶ 60 (emphasis added).  But Plaintiff does not plead that Kohl's is already bankrupt or presently unable to pay debts as they come due; rather, it pleads that "[o]ther publicly available news about Kohl's are permeated by the *potential* of imminent foreclosure or bankruptcy."  *Id.* ¶ 69 (emphasis added). Plaintiff also avers that Defendant may "plausibl[y]" pay outstanding debts "using funds which were derived (or commingled with) the proceeds from Subject Inventory and Subject Assets."  *Id.* ¶ 58.  Plaintiff offers no further basis for this allegation.  Therefore, the Court does not find that Plaintiff has offered more than speculation in support of obtaining a preliminary injunction.

Additionally, "[t]he requisite feared injury or harm must . . . not merely [be] serious or substantial, and it must be of a peculiar nature, so that compensation in money cannot atone for it."  *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)) (cleaned up).  Ultimately, the Court is not satisfied that Plaintiff will suffer irreparable harm under the circumstances that money damages "cannot atone for."  *Id.* Plaintiff is, at base, seeking to ensure the unpaid rent and associated fees due under the Lease are paid.  *Id.*  Money damages are available to it, as pled in Count I of the Second Amended Complaint.

Therefore, Plaintiff is not entitled to a preliminary injunction.[6]

V.    **CONCLUSION**

For the reasons above, the Court **GRANTS** in part and **DENIES** in part the Motion to Dismiss.  Plaintiff's breach of contract claim (Count I) will proceed to discovery.  Plaintiff's PUVTA claim (Count II) is dismissed without prejudice, and Plaintiff's claim for injunctive relief is dismissed with prejudice (Count III).  An accompanying order will follow.[7]

**BY THE COURT:**

**/s/ CHAD F. KENNEY**

_____

**CHAD F. KENNEY, J.**

---

[6] Plaintiff has also failed to show a likelihood of success on the merits of his PUVTA claim, which appears to be most relevant to his request for injunctive relief, *see supra* Section IV.B, and how the injunction would be in the public interest.  The Court is also not convinced, based on the Second Amended Complaint, that the balance of equities tilts in favor of freezing Kohl's assets.  *Platkin*, 133 F.4th at 218.

[7] Defendant states in a footnote to its Reply that it "intends to separately file a motion for sanctions under Fed. R. Civ. P. 11 in short order."  Reply at 15 n.5.  To date, it has not filed any such motion.  To the extent that Defendant requests in its Reply briefing that the Court impose sanctions on Plaintiff under Federal Rule of Civil Procedure 11, the request is denied.